THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN L. WOODWARD, Appellant. [3 NYS3d 698]—Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered January 4, 2013. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Scudder, P.J., Smith, Carni, Sconiers and Whalen, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS DURYEE, Appellant. [3 NYS3d 698]—

Appeal from a resentence of the Monroe County Court (James J. Piampiano, J.), rendered March 10, 2011. Defendant was resentenced upon his conviction of burglary in the second degree.

It is hereby ordered that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a resentence imposing a period of postrelease supervision that had been omitted from the original sentence imposed upon his conviction of burglary in the second degree (Penal Law § 140.25 [2]). We reject defendant's contention that the resentence violated the constitutional prohibition against double jeopardy. Defendant had not completed serving his original sentence at the time of resentencing, and thus "the Double Jeopardy Clause did not bar County Court from resentencing him to impose the required period of postrelease supervision" (*People v Nunes*, 89 AD3d 1559, 1560 [2011], *lv denied* 18 NY3d 885 [2012]; *see People v Williams*, 14 NY3d 198, 217 [2010], *cert denied* 562 US 947 [2010]). Present—Scudder, P.J., Smith, Carni, Sconiers and Whalen, JJ.